IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

JOHN S. MILES,

PETITIONER,

v.  MISC. CASE. NO.: 4:07MC2

UNITED STATES OF AMERICA,

RESPONDENT.

## OPINION and ORDER

This matter is before the Court on the Government's Motion to Dismiss Petitioner's Petition to Quash Summons. For the reasons stated, the Motion to Dismiss is **GRANTED**.

### I. PROCEDURAL HISTORY[1]

On September 21, 2007, Petitioner John S. Miles ("Petitioner" or "Miles") filed a Petition to Quash Summons, seeking to avoid application of a summons issued by the Internal Revenue Service ("IRS"). Doc. 1.

On December 13, 2007, the Government filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (4), (5) and (6); Brief in Support of the Motion to Dismiss; and Notice to Pro Se Petitioner as required under Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) and Local Civil Rule 7(K). Doc. 2 (Motion to Dismiss); Doc. 3 (Brief in Support of Motion to Dismiss); Doc. 4 (Roseboro Notice).

Petitioner failed to respond within the requisite time period and this matter is now ripe for the Court's consideration.

---

[1] This section does not necessarily include the entire procedural history in this case, but rather notes those events relevant to the issue(s) before the Court.

## II. Legal Analysis

### A. Petition to Quash Summons

Miles' Petition to Quash Summons asserts the Court has jurisdiction under 26 U.S.C. § 7609(h) over this matter and forwards several legal arguments in an effort to avoid compliance with the Summons. Doc. 1 at 1, 3-5. Particularly, Miles argues he does not have to comply with the Summons because (1) he has not been notified of his obligation to pay taxes, and (2) he is not a brewer, distiller, tobacco producer or banker. Doc. 1 at 3. The Petition to Quash Summons does not include a certificate of service. Doc. 1.

In support of his Petition to Quash Summons, Miles attached the Summons. Doc. 1, Ex. 1. The Summons is addressed to Miles and lists the information sought from him. Doc. 1, Ex. 1. The Summons was issued on August 29, 2007 as part of a criminal investigation concerning Miles' tax liability, and directs Miles to appear and comply with the Summons on September 10, 2007. Doc. 1, Ex. 1.

### B. Motion to Dismiss

The Government's Motion to Dismiss raises several meritorious arguments, which are each discussed. This Opinion and Order does not reach the merits of those contentions not addressed.

#### 1. *Section 7609 Does not Apply*

Petitioner's stated basis for the Court's jurisdiction, 26 U.S.C. § 7609 ("Section 7609" or "§ 7609"), does not apply. Section 7609 provides that the section does not apply to any summons "served on the person with respect to whose liability the summons is issued, or any officer or employee of such person." 26 U.S.C. § 7609(c)(2)(A).

Moreover, Section 7609 additionally is not applicable as the Summons was issued as part of a criminal investigation. Doc. 1, Ex. 1. Because Section 7609 does not apply to a summons "issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws," this section is similarly not applicable. 26 U.S.C. § 7609(c)(2)(E)(i).

Accordingly, as Miles' personal tax liability is the subject of an IRS criminal investigation, Section 7609 does not apply and the Court does not have authority to consider this dispute under Section 7609.

### 2. *No Proper Service on the United States and No Certificate of Service*

Miles' Petition to Quash Summons does not include a certificate of service, nor is the Court aware that service was affected in a proper manner on the United States. Doc. 1. A party bringing suit against the United States must comply with Federal Rule of Civil Procedure 4(i) ("Rule 4(i)") by properly serving the United States. FED. R. CIV. PROC. 4(i). Moreover, failure of a petitioner to provide proof of service of process permits the Court to dismiss a petition to quash an IRS summons. Wahler v. United States, No. 1:02mc54, 2002 U.S. Dist. LEXIS 26386, at *11-15 (W.D.N.C. November 22, 2002) (citations omitted) (unpublished), aff'd, 62 Fed. Appx. 526, 527 (2003) (per curiam) (unpublished). Accordingly, because Petitioner failed to comply with Rule 4(i) and failed to certify that service was properly rendered, the Petition to Quash Summons is subject to dismissal.

### 3. *Grounds for Quashing Summons*

Miles seeks to quash the summons because he was not notified by the IRS that he must pay taxes and because he is not a brewer, distiller, tobacco producer or banker. Doc. 1 at 3. These arguments are without merit. See Thomas v. United States, 254 F. Supp. 2d 174, 179 (D.

Me. 2003) (citing <u>United States v. Streett</u>, 791 F. Supp. 563, 568 (D. Md. 1992)), aff'd, 93 Fed. Appx. 238, 238-40 (1st Cir. 2004) (per curiam) (unpublished).

### 4. *Conclusion*

The Court agrees with the United States that Petitioner failed to properly serve the United States, failed to certify service on the United States, failed to indicate a proper basis of the Court having jurisdiction over this matter, and failed to forward meritorious legal arguments to suggest the summons should be quashed. Accordingly, the Government's Motion to Dismiss is **GRANTED** and Miles' Petition to Quash Summons is **DISMISSED**.

### III. CONCLUSION

For the stated reasons, the Government's Motion to Dismiss is **GRANTED** and Miles' Petition to Quash Summons is **DISMISSED**.

Petitioner is **ADVISED** that he may appeal this Opinion and Order by forwarding a written notice of appeal to the Clerk, United States District Court, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Opinion and Order.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to Counsel of Record for the United States, and the Petitioner.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 31, 2008